# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSHUA WOOD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00289 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VIRGINIA HUNT, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Joshua Wood, Pro Se Plaintiff; Margaret Hoehl O'Shea, Office of the Attorney General, Richmond, Virginia, for Defendants.*

The plaintiff, Joshua Wood, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983,[1] alleging that prison officials violated his constitutional rights by providing him an unhealthy diet and preventing him from filing grievances about it. The defendants have filed a Motion to Dismiss, and Wood has responded. After review of the record, I conclude that the defendants' motion must be granted.

## I.

Wood is incarcerated at Buckingham Correctional Center ("BKCC"). In March 2017, Wood read a February 2017 article in *Reader's Digest*, stating that

---

[1] Wood filed this action with another inmate, Timothy Wright. The court severed the plaintiffs' claims into separate cases, Wright failed to pay the filing fee for his case or to consent to pay the fee through his inmate trust account, and I dismissed his claims without prejudice accordingly. *Wright v. Hunt*, No. 7:17CV00290 (W.D. Va. July 21, 2017).

the World Health Organization ("WHO") designated "processed meats as carcinogens in 2015." Compl. ¶ 13, ECF No. 1. Wood then ordered and reviewed *Dietary Guidelines for Americans 2015-2020*, Eighth Edition ("dietary guidelines"), a book jointly published by the United States Departments of Agriculture and Health and Human Services ("USDA" and "HHS"). According to this publication, "many preventable chronic diseases, including obesity/overweight, cardiovascular disease, high blood pressure, some cancers, and poor bone health, are related to poor quality eating patterns and physical inactivity." *Id.* at ¶ 18. An advisory committee report related to these guidelines stated that "higher intake of red and processed meats was identified as detrimental compared to lower intake. Higher consumption of sugar-sweetened food and beverages as well as refined grains were identified as detrimental" to health. *Id.* at ¶ 23. Wood also obtained scientific reports from HHS and the National Institutes of Health, indicating that "consumption of processed foods is now likely to be a significant contributor to non-communicable diseases"; that "consuming processed meats increase[s one's] risk of total, cardiovascular, and cancer mortality"; and that sugars and sweeteners added to foods may adversely affect one's health. *Id.* at ¶ 20.

Comparing the dietary guidelines in these publications to the regular menu provided to him by the Virginia Department of Corrections ("VDOC"), Wood

believes that the VDOC menus available to him are unhealthy. He contends that under the VDOC regular menu, he is "being overfed refined grains, and either underfed or not given at all certain types of vegetables, fruits, and protein foods such as seafood, nuts, seeds, and soy products." *Id.* at ¶ 18. He also asserts that the VDOC vegetarian alternative menu includes more beans and refined grains than recommended and does not provide a sufficient number of servings of vegetables, fruits, and recommended protein foods. *See id*.

Attached to the Complaint are copies of four weeks of menus that the VDOC dietician approved in December 2017 for inmates' three daily meals. Compl. Ex. 3, ECF No. 1-1. On these menus, Wood has marked the food items that he understands are unhealthy, because he believes them to be processed meats, refined grains, or high in added sugars.

When Wood filed grievances asking for a healthier diet, the grievance coordinator rejected the grievance as untimely, based on the amount of time Wood had served in the VDOC, receiving the challenged menu items. Wood also wrote letters to VDOC administrators about his dietary concerns, without response. When he complained to BKCC officials, they advised him to request the vegetarian option to avoid processed meats or reminded him that VDOC menus are prepared by a licensed dietician.

In his Complaint, Wood sues Virginia Hunt, BKCC Food Operations Director; Natarcha Gregg, the VDOC dietician; Mark Engelke, VDOC Food Service Director; Stacy Meinhard, BKCC Grievance Coordinator, and Carmen Rodriguez, Regional Ombudsman. Wood asserts these claims: (1) defendants Hunt, Gregg, and Engelke are providing him with an unhealthy diet, in violation of the Eighth Amendment; and (2) Meinhard and Rodriguez refused his grievances about his diet in violation of his rights to petition and to due process.

II.

A. Standards of Review.

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 555.[2] Moreover, a court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

---

[2] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("The doctrine of respondeat superior has no application" in § 1983 action).

### B. Constitutional Claim Regarding Grievances.

It is well established that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Thus, as Wood now concedes, he has no protected interest triggering due process protections and no constitutional entitlement to use BKCC's grievance procedures to petition for redress. Accordingly, I will grant the defendants' Motion to Dismiss as to Wood's second claim.

### C. Eighth Amendment Claim Regarding Diet.

To support an Eighth Amendment claim, an inmate must allege facts showing that (1) objectively, the deprivation or harm inflicted to the plaintiff is "sufficiently serious," and (2) subjectively, the prison officials have "acted with a sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th

Cir. 1998). Under the objective prong, the inmate must allege facts indicating that the deprivation complained of was or will be extreme and amounts to more than the "routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n .3 (4th Cir. 1993).

"The Eighth Amendment requires that inmates be provided well-balanced meals, containing sufficient nutritional value to preserve health." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (citing cases for proposition that Eighth Amendment requires nutritionally adequate food). Moreover, "with respect to the objective factor, . . . the Eighth Amendment requires . . . a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

The subjective prong of a deliberate indifference claim requires showing that a particular defendant actually knew of and disregarded a substantial, excessive risk of serious harm to the plaintiff's person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard — a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Rather, the plaintiff must assert facts sufficient to support an inference that

Cir. 1998). Under the objective prong, the inmate must allege facts indicating that the deprivation complained of was or will be extreme and amounts to more than the "routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n .3 (4th Cir. 1993).

"The Eighth Amendment requires that inmates be provided well-balanced meals, containing sufficient nutritional value to preserve health." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (citing cases for proposition that Eighth Amendment requires nutritionally adequate food). Moreover, "with respect to the objective factor, . . . the Eighth Amendment requires . . . a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

The subjective prong of a deliberate indifference claim requires showing that a particular defendant actually knew of and disregarded a substantial, excessive risk of serious harm to the plaintiff's person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard — a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Rather, the plaintiff must assert facts sufficient to support an inference that

"the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were inappropriate in light of that risk." *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004).

Wood fails to allege facts satisfying either the objective or subjective component for his complaints about the diet provided to him under the VDOC inmate menus. The sample menus provided to Wood — with the non-meat entree options and a variety of food to eat at every meal, approved by a licensed dietician as providing sufficient nutrition for inmates — fail to present risks to inmates' health so grave that "it violates contemporary standards of decency to expose anyone unwillingly to such a risk[s]." *Helling*, 509 U.S. at 36. Indeed, the food items that Wood has marked on the menu as unhealthy are, no doubt, sold in public grocery stores and served in restaurants. I cannot find that this combination of food items constitutes an excessive risk to Wood's health. I also cannot find that any VDOC official, including the dietician, knows that serving inmates the items Wood has marked as unhealthy do, in fact, present any health risk of constitutional significance under the Eighth Amendment. *See Roulhac v. Clarke,* No. 3:13CV49-HEH, 2014 WL 6705446, at *4 (E.D. Va. Nov. 26, 2014) (rejecting similar Eighth Amendment challenge to VDOC inmate menu), *aff'd*, 600 F. App'x 898 (4th Cir. 2015) (unpublished). Accordingly, I will grant the defendants' Motion to Dismiss.

A separate Order will be entered herewith.

DATED: August 20, 2018

/s/ James P. Jones
United States District Judge